UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DARRYL FOLEY,
    Plaintiff,

v.

CVS PHARMACY, INC., THIRD WEST
LODGING ASSOCIATES, L.C. and
FINAST ACQUISITION, LLC
    Defendants.

No. 3:17-cv-1631 (VAB)

**RULING ON PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Darryl Foley ("Plaintiff" or "Foley") moves to remand this case to the Superior Court of Connecticut, Judicial District of New Haven. Pl. Mot., ECF No. 24. Plaintiff indicates that all opposing parties consent to the motion. *Id.* at 1.

For the reasons that follow, the motion is **GRANTED**.

## I. BACKGROUND

Plaintiff, a citizen of Florida and past resident of Connecticut, alleges she fell while on the premises of a CVS pharmacy in Guilford, Connecticut. Compl., ECF No. 1-1 Upon exiting the store on the night of August 31, 2015, she alleges she tripped and fell in the parking lot of the premises "as the result of an absence of lighting and a slope connecting the sidewalk to the adjacent parking lot thereby creating an uneven surface." *Id.*

She originally filed this lawsuit in state court, alleging that Connecticut CVS Pharmacy, LLC. ("CVS") was negligent in failing to maintain its facilities; allowing the facilities to remain in an unsafe or dangerous condition and failing to warn about potential hazards that existed on the property. *Id.* She also alleged similar claims against Third West Lodging Associates L.C.

("Third West") and Finast Acquisition LLC ("Finast"), whom she alleges were responsible for maintenance services, under a similar theory of negligence. *Id*. Ms. Foley did not specify damages; she claimed "monetary damages," as well as the "costs and expenses of suit" and "such other relief as in law or equity may appertain." *Id.*

CVS then removed the case to this Court under 28 U.S.C. §§ 1446 and 1332. *See* Notice of Removal, ECF No. 1. CVS argued that the amount-in-controversy requirement was met because "Though the amount of medical expenses being claimed is not specified in the Complaint, [Foley] claims that she will be forced to incur 'significant medical expenses' going forward (in addition to what is very likely to be significant medical expenses for the aforementioned surgery)." *Id.* at 2.

After all parties appeared and answered the Complaint, Foley moved to remand to state court. Pl. Mot. to Remand, ECF No. 24. In her motion, Foley stipulated that she would not seek more than $75,000 in damages for her claims against defendants. *See id.* at 2. She argued that, due to the stipulation, "the amount in controversy does not exceed $75,000, such that the District Court lacks subject matter jurisdiction." *Id.* at 1. She also indicated that all defendants consented to the filing. *Id.* at 2.

## II. STANDARD OF REVIEW

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Defendant has the burden of demonstrating that removal of a case to federal court is proper. *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). The Court must "resolve any doubts against removability," out of "respect for the limited jurisdiction of the federal courts and the rights of states." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks omitted).

## III. DISCUSSION

The issue is whether a plaintiff in a diversity case may secure a post-removal remand to state court by stipulating that the amount-in controversy is less than the diversity threshold of $75,000. Because Plaintiff now has stipulated that the amount in controversy is not greater than $75,000, exclusive of interests and costs, she argues that the Court lacks subject matter jurisdiction. Pl. Mot. at 2. The Court agrees.

"[T]he existence of federal subject matter jurisdiction over an action removed from state court to federal court is normally to be determined as of the time of removal." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009). Typically, the amount in controversy is established by the face of the complaint and the dollar-amount actually claimed. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961*); Scherer v. Equitable Life Assurance Society of U.S.,* 347 F.3d 394, 397 (2d Cir. 2003). The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 116 (2d Cir. 2002).

Where, as here, "the pleadings are inconclusive," "courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010). "[F]ederal courts permit individual plaintiffs,

who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement," so long as the stipulation is "legally binding on all plaintiffs." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013). The Second Circuit, however, has also made "clear that a plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000.00 or less once the jurisdictional threshold has been satisfied." *Luo*, 625 F.3d at 776; Order Den. Pl.'s Mot. for Remand 7, *Jackson v. First Niagara Bank*, 16-cv-1479 (VAB) (D. Conn. Sept. 22, 2017), ECF No. 34.

As filed, Foley's Complaint is inconclusive as to amount in damages she seeks. *See* Compl. at 12 ("WHEREFORE, Plaintiff claims: l. Monetary damages: 2. Costs and expenses of suit and 3. Such other relief as in law or equity may appertain."). As Foley argues, "[t]he Notice of Removal merely claims there is a sufficient amount in controversy based upon the Complaint's qualitative description of Plaintiff's injuries and treatment" but does "*not* state an amount in demand in excess of $75,000." Pl. Mot. to Remand at 2. CVS's Notice of Removal further underscores the inconclusiveness of Foley's Complaint, noting that "the amount of medical expenses being claimed is not specified in the Complaint." Notice of Removal at 2.

Due to the vagueness of the Complaint, Foley has now stipulated to seeking a money judgment that does not exceed $75,000. As a result, the parties have shown that the amount in controversy is insufficient under 28 U.S.C. § 1332. *See Hayes v. Pfizer, Inc.*, No. 3:15-CV-1854 (MPS), 2016 WL 1363623, at *2 (D. Conn. Apr. 6, 2016) ("Plaintiff's stipulation suffices to refute any preponderance showing that her claim amounts to more than $75,000 in damages.").

The stipulation here clarifies, rather than amends, an otherwise ambiguous amount in controversy. *See Luce v. Kohl's Dep't Stores, Inc.,* 23 F. Supp. 3d 82, 85 (D. Conn. 2014) ("This

approach does not run afoul of the rule that a plaintiff may not reduce a monetary demand to defeat federal diversity jurisdiction that otherwise properly existed. Rather, the stipulation does no more than evidentially clarify an amount in controversy that is otherwise ambiguous."); (*citing Ryan v. Cerullo*, 343 F. Supp. 2d 157, 159 (D. Conn. 2004) ("[A] 'clarifying' stipulation is therefore in accord with the fundamental principle of removal jurisdiction that whether subject matter jurisdiction exists must be answered by looking to the complaint as it existed at the time the removal petition was filed.")).

Out of "respect for the limited jurisdiction of the federal courts," this case therefore is remanded to Connecticut Superior Court. *MTBE*, 488 F.3d at 124 (internal quotation marks omitted); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## IV. CONCLUSION

For the foregoing reasons, the Motion for Remand is **GRANTED**. This case shall be remanded immediately to the Superior Court of Connecticut, Judicial District of New Haven at New Haven. The Clerk is instructed to close this matter.

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of November, 2017.

    /s/ Victor A. Bolden

VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE